IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,059-02






EX PARTE SAMKUTTY SAMUEL, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


CAUSE NO. W00-00389-M(A) IN THE 194TH DISTRICT COURT

DALLAS COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus that was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted of
the offense of aggravated sexual assault of a child and sentenced to confinement for forty
years. Applicant's conviction was affirmed on appeal. Samuel v. State, No. 05-03-01276-CR
(Tex. App.--Dallas, delivered July 26, 2004, no pet.).

 Applicant contends, among other things, that he is actually innocent, that his plea was
involuntary, and that counsel was ineffective. The trial court entered findings of fact,
concluding that Applicant's plea was involuntary and recommending that his conviction be
set aside. The trial court did not enter findings as to Applicant's other claims, but instead
found that Applicant had withdrawn his ineffective assistance of counsel claim. We believe 
that Applicant has alleged, in addition to his involuntary plea claim, facts that, if true, might
entitle him to relief. Therefore, it is this Court's opinion that additional facts need to be
developed and because this Court cannot hear evidence, the trial court is the appropriate
forum. The trial court shall resolve those issues as set out in Tex. Code Crim. Proc. art.
11.07, § 3 (d), in that it may order affidavits, depositions, or interrogatories from counsel, or
it may order an additional hearing. In the appropriate case the trial court may also rely on its
personal recollection. 

 If the trial court elects to hold a hearing, the court shall first decide whether Applicant
is indigent. If the trial court finds that Applicant is indigent and Applicant desires to be
represented by counsel, the trial court shall then, pursuant to the provisions of Tex. Code
Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court shall make additional
findings of fact as to whether Applicant established that he is actually innocent. The trial
court shall specifically make findings as to whether the reported recantation is newly
discovered evidence. The trial court shall then make findings of fact as to whether Applicant
withdrew his ineffective assistance of counsel claim. If the trial court finds that the claim was
not withdrawn, it shall make findings of fact as to whether counsel was ineffective at the
motion to adjudicate hearing for not: (1) objecting when the State asked witnesses for the
State whether Applicant had failed several polygraph tests; (2) objecting when the State
argued that Applicant was a liar based on the failed polygraph tests; (3) presenting expert
testimony to rebut testimony from the State's expert; (4) presenting testimony from a
professional psychologist; (5) objecting during the punishment hearing when the trial court
referred to a polygraph test the complainant had failed; and (6) objecting to evidence that
Applicant had failed to pay his probation fees. The trial court shall also make any further
findings of fact and conclusions of law it deems relevant and appropriate to the disposition
of the application for a writ of habeas corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 14TH DAY OF JUNE, 2006.






 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period shall be obtained from this Court.